Filing # 62159344 E-Filed 09/28/2017 04:54:52 PM

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

JOSE LABOY, on behalf of himself
and all similarly-situated individuals,

    Plaintiffs,

v.                                                                                                Case No.:

AMERICAN RESIDENTIAL
SERVICES L.L.C.,

    Defendant.

_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSE LABOY, by and through his attorneys, and on behalf of himself and others similarly situated, sues Defendants, AMERICAN RESIDENTIAL SERVICES L.L.C. (collectively, "Defendant" or "ARS") for violations of the Fair Credit Reporting Act of 1970, as amended ("FCRA"), 15 U.S.C. § 1681 *et seq* .and alleges as follows:

### PARTIES

1. At all times material, Plaintiff is and was a resident of the State of Florida, residing in Ocoee, Orange County, Florida. Plaintiff Jose Laboy is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c). Plaintiff is a member of the single Putative Class defined herein.

2. Defendant ARS is a limited liability company and is incorporated under the laws of Tennessee. ARS regularly provides construction services in Hillsborough County, Florida.

## JURISDICTION AND VENUE

3.  This is a class action for violations of the FCRA in excess of $15,000.00, exclusive of interest, fees, and costs, for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

4.  Venue is proper in Hillsborough County, Florida, because all of the events giving rise to these claims arose in this County.

1.  This Court also has subject matter jurisdiction over Plaintiff's claims under the FCRA, 15 U.S.C. §§ 1681n and 1681p.

2.  This Court has personal jurisdiction over Defendant under the Florida Long Arm Jurisdiction Act, Fla. Stat. Section 48.193. At all times material hereto, Defendant is subject to personal jurisdiction in Florida, because it caused injury in the State of Florida through its acts and omissions, and by virtue of operating, conducting, engaging in, and carrying on a business in this state, including here in Hillsborough County, Florida.

3.  Furthermore, this Court's exercise of personal jurisdiction over Defendant is constitutionally sound. Through its operations in Tampa, Florida, in Hillsborough County, Defendant has established sufficient minimum contacts with the State of Florida to make it reasonably foreseeable that Defendant could be sued in Florida. Defendant will suffer no unfair prejudice from the exercise of this Court's personal jurisdiction, which serves the interests of justice in this case.

4.  Plaintiff resides in, Florida, and applied for work with the Defendant in Tampa, Florida. A substantial part of Plaintiff's claims arose in Tampa, Florida, where Defendant regularly conducts business.

## NATURE OF THE CASE

5. This is a class action lawsuit against Defendant seeking redress for routine, willful, and systematic violations of the FCRA. The FCRA prohibits persons, such as Defendants, from willfully procuring a consumer report without first obtaining proper authorization from the consumer. Proper authorization consists of a stand-alone disclosure form.

6. Defendants routinely, systematically, and willfully obtain and use information contained in consumer reports to unlawfully conduct background checks on prospective and existing employees in violation of the strict disclosure and authorization requirements mandated by the plain language of the FCRA. Defendant frequently relies on such information, in whole or in part, as a basis for adverse employment action, such as termination, reduction of hours, change in position, failure to hire, and failure to promote.

7. Plaintiff brings this class action on behalf of all employees and prospective employees in the United States who, within the five years preceding this action and up to the date of the final judgment, were the subject of a consumer report for employment purposes that was unlawfully procured by Defendants in violation of the FCRA.

## ALLEGATIONS REGARDING DEFENDANT'S BUSINESS PRACTICES

### *Defendant's Willful Violation of 15 U.S.C. § 1681b(b)(2)*

8. Defendant willfully violated 15 U.S.C. § 1681b(b)(2). Specifically, Defendant is liable for willfully or negligently violating Section 1681b(b)(2) of the FCRA by procuring or causing to be procured a consumer report for employment purposes without first providing a clear and conspicuous disclosure in writing to the consumer in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes.

-3-

More importantly still, neither of the Defendant's forms contained the information required by Section 1681b(b)(2) advising Plaintiff and the putative class members of what their rights actually were under the FCRA.

9. Plaintiff was initially hired to work for Defendant as a Maintenance Technician on March 9, 2016. At that time, dating back to as far as *1997*, the Federal Trade Commission (FTC) explained in an opinion letter, Congress specified a "standalone disclosure [] so that consumers will not be distracted by additional information at the time the disclosure is given." F.T.C. Division of Credit Practices Fair Credit Reporting Act Staff Opinion Letter from Cynthia S. Lamb, Investigator, to Richard L. Steer, Hirsch Connors & Bull, P.C. (Oct. 21, 1997), 1997 WL 339122 (F.T.C.). Furthermore, In 1998, Congress amended Section 1681b(b)(2)(A)(ii) to provide that the consumer's written, authorization may be made in the "clear and conspicuous disclosure . . . document that consists solely of the disclosure." 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii) (effective Nov. 2, 1998 to Nov. 26, 2002). Because this revision reflected the same policy as the opinion set forth in the 1997 letter, the interpretation is still applicable to the amended statute.

10. When he first applied, Plaintiff received and signed Defendant's "Release Agreement", which is attached as Exhibit A, and an was also required to sign untitled document on March 9, 2016, which is attached as Exhibit B. Exhibit B contains three paragraphs. The first paragraph on the page, entitled "Disclosure", informs the Plaintiff that Defendant might procure a consumer report on the Plaintiff. The second paragraph, entitled "Authorization", contains a blanketed authorization to allow an outside party to procure a consumer report. The third paragraph is untitled, yet is a complete waiver of liability from all civil liability in regards to the consumer report in violation of the plain language of the

FCRA.

11. These documents are not a stand-alone FCRA disclosure document.

12. As a threshold matter, both Exhibit A and Exhibit B contains an entire paragraph consisting of a blanket authorization that violates the FCRA.

13. In fact, it seeks the following unlimited "blanket" authorization and release of information from every applicant (*See* Exhibit A and B).

14. In other words, according to what's supposed to be a stand-alone disclosure that exclusively informs Plaintiff and the putative class members of what their rights are under the FCRA, not only does the Defendant's "stand-alone" form require applicants to release all information about them from nearly any conceivable source possible, it also requires applicants to agree that Defendant, *or any other unnamed consumer reporting agency*, has the right to obtain all of the above information *whenever* Defendant decided it wants it for the employee's entire time with the company. This, obviously, is violative of everything the FCRA stands for and a clear invasion of the privacy of Plaintiff and the entire putative class. It is difficult to imagine a more over-reaching blanket authorization.

15. In fact, Plaintiff never would have consented to the requirements contained in Defendant's form had he realized the extent to which it purported to allow Defendant to invade her privacy.

16. Defendant's "Release Agreement", and the untitled form, are not and cannot be considered a document consisting solely of a disclosure that a background check will be procured for employment purposes.

17. Plaintiff did not understand the disclosure forms he signed because Exhibit A and Exhibit B were not limited to the information required by the stand-alone disclosure

-5-

requirement of the FCRA. Further, as a result of Defendant's form, Plaintiff was confused and misled as to the nature or purpose of the form *because* of the additional information contained therein; instead of providing and then relying on Exhibit A to satisfy its obligation to Plaintiff under 1681b(b)(2)(A)(i) the Defendant should have provided the summary of rights under the Fair Credit Reporting Act. It failed to do so.

18. Defendant will likely attempt to make much of the fact that were not many decisions on this discrete issue at the time the Defendant utilized the form at issue in March of 2016 -- a further, albeit subtle admission that would indicate Defendant actually knows, without affirmatively admitting it -- that the form at issue is problematic for it. But Defendant is wrong, as there are multiple FTC opinions and a plethora of case law relating to the FCRA, especially willfulness, which is what much of Defendant's motion to dismiss tries to focus toward. *See, e.g., Jones v. Halstead Mgmt. Co., LLC*, 81 F. Supp. 3d 324, 333 (S.D.N.Y. January 2015) (denying motion to dismiss in FCRA case, no waiver); *Smith v. HireRight Solutions, Inc.*, 711 F.Supp.2d 426, 435 (E.D.Pa. 2010) (finding that a plaintiff had sufficiently alleged willfulness where the complaint indicated that the defendant had repeatedly engaged in "objectionable conduct" by reporting a single criminal history incident multiple times on a consumer report – an assertion that could, "at minimum, rise to the level of reckless disregard"); *Romano v. Active Network, Inc.*, 2009 WL 2916838, at *3 (N.D.Ill. Sept. 3, 2009) (citing the plaintiff's assertion that the defendant had repeatedly violated FACTA when concluding that the complaint's allegations of willfulness were sufficient to survive a motion to dismiss). In addition, assertions that a defendant was aware of the FCRA, but failed to comply with its requirements, are sufficient to support an allegation of willfulness and to avoid dismissal. *See Kubas v. Standard Parking Corp. IL*, 594 F.Supp.2d

1029, 1031-32 (N.D.Ill. 2009). All of the cases pre-date Plaintiff's execution of the March, 2016 disclosure forms provided by Defendant and attached as Exhibit A and B.

19. And, perhaps more importantly, under *Safeco*, as explained by Judge Moody in his *recent Graham v. Pyramid Healthcare Sols., Inc.*, No. 8:16-CV-1324-T-30AAS, 2017 WL 2799928, at *1 (M.D. Fla. June 28, 2017), "[t]o take advantage of the 'objectively reasonable interpretation' safe harbor, Safeco requires that the defendant [] 'adopt[ed]' and acted on an interpretation of the statute." *Milbourne v. JRK Residential Am., LLC*, 202 F. Supp. 3d 585, 591 (E.D. Va. 2016) (quoting *Safeco*, 551 U.S. at 70 n.20). The "objectively reasonable" analysis of Safeco does not apply absent evidence that Defendant acted in reliance on an interpretation of the relevant provision of the FCRA or that Defendant's conduct might be acceptable under the statute. *See id.*

20. As a result, Defendant knowingly and recklessly disregarded the plain meaning of 15 U.S.C. § 1681b(b)(2)(A), as well as guidance from the Federal Trade Commission and numerous court decisions, including from this Court, stating that the inclusion of extraneous information in the disclosure required under § 1681b(b)(2)(A) is a violation of the FCRA.

21. Defendant knew that it had an obligation to provide a stand-alone disclosure before procuring a consumer report, but chose to place its own interests ahead of the rights of consumers. Defendant was more interested in obtaining the right to obtain unlimited information on its applicants and employees than it was in complying with the FCRA, or in protecting the privacy of those who chose to apply and work for it.

22. Defendant did not procure Plaintiff's report in connection with any investigation of suspected misconduct relating to employment, or compliance with federal,

-7-

state, or local laws and regulations, the rules of a self-regulatory organization, or any preexisting written policies of the employer.

23. Defendant repeatedly used the same form to procure background reports on numerous other applicants and employees.

24. By systematically inserting extraneous information into Plaintiff's and other current or prospective employees' disclosures, Defendant knowingly and willfully violated 15 U.S.C. § 1681b(b)(2)(A)(i).

25. Plaintiff and the putative class experienced a concrete injury from Defendant's failure to provide the statutorily-required stand-alone disclosure in at least two ways. First, Defendant invaded Plaintiff's right to privacy. Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the statutory requirements (*i.e.*, disclosure and authorization) set forth in the following subsections: 15 U.S.C. § 1681b(b)(2). As one court put it, "[t]he FCRA makes it unlawful to 'procure' a report without first providing the proper disclosure and receiving the consumer's written authorization." *Harris v. Home Depot U.S.A., Inc.*, 114 F. Supp. 3d 868, 869 (N.D. Cal. 2015). Plaintiff's report contained a wealth of private information that Defendant had no right to access absent a specific Congressional license to do so. The report included, *inter alia*, Plaintiff's date of birth, address history, social security number, and information about her criminal background. By procuring a report containing this private information without complying with these requirements, Defendant illegally invaded Plaintiff's privacy.

26. Second, Plaintiff has suffered a concrete informational injury because Defendant failed to provide Plaintiff with information to which he was entitled by statute.

Pursuant to § 1681b(b)(2), Plaintiff was entitled to receive certain information at a specific time, namely a disclosure that a consumer report may be procured for employment purposes in a document consisting solely of the disclosure. Such a disclosure was required to be provided to Plaintiff before the consumer report was to be procured. Indeed, the disclosure that was provided lacked the basic information required by the FCRA be disclosed by employers to consumers. By depriving Plaintiff of this information, Defendant injured Plaintiff and the putative class members. *Public Citizen v. U.S. Department of Justice*, 491 U.S. 440, 449 (1989); *Federal Election Commission v. Akins*, 524 U.S. 11 (1998).

27. As a result of the unlawful background check, Plaintiff suffered an adverse employment action because he was subsequently denied employment based on the results of the consumer report obtained without proper authorization..

28. Defendant routinely conducts background checks on all of its job applicants as part of a standard screening process.

29. Based on information and belief, Defendant does not perform these background checks in-house. Rather, Defendant relies on an outside consumer reporting firms to obtain this information and report it to Defendant. These reports constitute "consumer reports" for purposes of the FCRA.

30. Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

> a. a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and
>
> b. the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report.

-9-

15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii) (emphasis added).

31. Based upon information and belief, Defendant does not have a stand-alone FCRA disclosure or authorization form.

32. The inclusion of this release provision in the Background Check Disclosure form violates the FCRA.

33. The "inclusion of such a waiver [of liability] in a disclosure form will violate Section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes."

34. Defendant willfully disregarded case law and regulatory guidance and willfully violated 15 U.S.C. §§ 1681b(b)(2)(A) by procuring consumer report information on employees without complying with the disclosure and authorization requirements of the statute.

35. Defendant failed to satisfy the FCRA's disclosure and authorization requirements.

36. Defendant's continuous practice of failing to provide the proper statutory disclosure violates the plain language of the statute, and flies in the face of unambiguous case law and regulatory guidance from the FTC. *See, e.g., E.E.O.C. v. Video Only, Inc.*, No. 06-1362, 2008 WL 2433841, at *11 (D.Or. June 11, 2008) ("I grant summary judgment of liability that Video Only violated . . . 15 § 1681b(b)(2)(A)(I). This section provides that at any time before the report is procured, a disclosure is made in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes. Video Only disclosed this possibility as part of its job application, which is not a document consisting solely of the disclosure.")

37. Additionally, Defendant's Background Check Disclosure form discloses that Defendant intends to conduct a background check and, at the same time, purports to release Defendant from any liability related to the background check.

38. Defendant willfully and systematically violated the Plaintiff and all putative class members by recklessly failing to provide the disclosure in a stand-alone document and disregarding the plain language of the statute.

39. Defendant violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first making proper disclosures in the format required by the statute. Under this subsection of the FCRA, Defendant is required to disclose to its employees – *in a document that consists solely of the disclosure* – that it may obtain a consumer report on them for employment purposes, prior to obtaining a copy of their consumer report. Defendant willfully violated this requirement by failing to provide Plaintiff with a copy of a document that document that consists solely of the disclosure that it may obtain a consumer report on them for employment purposes, prior to obtaining a copy of their consumer report. This practice violates longstanding regulatory guidance from the Federal Trade Commission ("FTC").

40. Additionally, also in violation of 15 U.S.C. § 1681b(b)(2)(A)(i) Defendant unlawfully inserted liability release provisions into forms purporting to grant Defendant authority to obtain and use consumer report information for employment purposes. The FCRA forbids this practice, requiring that forms granting the authority to access and use consumer report information for employment purposes be "stand alone forms" and not include any additional agreements. Defendant's decision to include a liability release provision in its

authorization forms is contrary to the plain language of the FCRA and to unambiguous regulatory guidance from the Federal Trade Commission.

41. As a result, Defendant violated 15 U.S.C. § 1681b(b)(2)(A)(ii) by obtaining consumer reports on Plaintiff and other putative class members without proper authorization, due to the fact that its disclosure forms fail to comply with the requirements of the FCRA.

42. Based on the foregoing violations, Plaintiff asserts FCRA claims against Defendant on behalf of himself and the putative class of Defendant's employees, and prospective employees.

43. In Counts One and Two, Plaintiff asserts a pair of FCRA claims under 15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii) on behalf of a "Background Check Class" consisting of all employees or prospective employees of Defendant in the United States who were the subject of a consumer report that was procured by Defendant (or that Defendant caused to be procured) for the five years preceding the filing of this Complaint.

44. On behalf of himself and the Putative Class, Plaintiff seeks statutory damages, costs and attorneys' fees, equitable relief, and other appropriate relief pursuant to the FCRA.

## CLASS ACTION AND CLASS REPRESENTATION ALLEGATIONS

45. Plaintiff asserts claims in Counts 1 and 2 on behalf of a Putative Background Check Class defined as follows:

> **Proposed Class:** All American Residential Services' employees or prospective employees in the United States who were the subject of a consumer report that was procured by American Residential Services within five years of the filing of the complaint through the date of final judgment in this action.

46. **Numerosity:** The Putative Class is so numerous that joinder of all Class members is impracticable. Defendant regularly obtains and uses information in consumer

reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information in the hiring process. Plaintiff is informed and believes that during the relevant time period, thousands of Defendant's employees and prospective employees satisfy the definition of the Putative Class.

47.     **Typicality**: Plaintiff's claims are typical of the members of the Putative Class. Defendant typically uses consumer reports to conduct background checks on employees and prospective employees. The FCRA violations suffered by Plaintiff are typical of those suffered by other Putative Class members, and Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

48.     **Adequacy**: Plaintiff will fairly and adequately protect the interests of the Putative Class, and has retained counsel experienced in complex class action litigation.

49.     **Commonality**: Common questions of law and fact exist as to all members of the Putative Class and predominate over any questions solely affecting individual members of the Putative Class, including but not limited to:

    a. Whether Defendant uses consumer report information to conduct background checks on employees and prospective employees;

    b. Whether Defendant's background check practices and/or procedures comply with the FCRA, including as to its "release" of liability;

    c. Whether Defendant violated the FCRA by procuring consumer report information without making proper disclosures in the format required by the statute;

    d. Whether Defendant violated the FCRA by procuring consumer report

        information based on invalid authorizations;

   e. Whether Defendant's violations of the FCRA were willful;

   f. The proper measure of statutory damages; and

   g. The proper form of injunctive and declaratory relief.

50. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Putative Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual Class member's claim as separate action would potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

51. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendant acted or refused to act on grounds that apply generally to the Putative Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

52. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Putative Class predominate over any questions affecting only individual members of the Putative Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against Defendant, as the amount of each Class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for

unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

53. Plaintiff intends to send notice to all members of the Putative Class to the extent required by Rule 23. The names and addresses of the Putative Class members are available from Defendant's records.

## COUNT 1
### Damages For Failure to Make Proper Disclosure in Violation of FCRA
### 15 U.S.C. § 1681b(b)(2)(A)(i)

54. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

55. In violation of the FCRA the background check Defendant required the Background Check Class to complete as a condition of its employment with Defendant does not satisfy the disclosure requirements of 15 U.S.C. § 1681b(b)(2)(A)(i) because Defendant failed to provide a stand-alone document as to the consumer report information being obtained and utilized. Furthermore, the background check document provided by Defendant includes an extraneous release and that violates the FCRA, as well as "at will" employment information.

56. Defendant violated the FCRA by procuring consumer reports relating to Plaintiff and other Background Check Class members without first making the proper disclosures in the format required by 15 U.S.C. § 1681b(b)(2)(A)(i).

57. The foregoing violations were willful. Defendant knew it was required to provide a stand-alone form (separate from the employment application) prior to obtaining and then utilizing a consumer report on the Background Check Class members. The language of

the statute is clear and unambiguous. Unfortunately, Defendant did nothing to correct their illegal FCRA practices. By failing to do so Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Background Check Class members under 15 U.S.C. § 1681b(b)(2)(A)(i). Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission. Defendant obtained or had available substantial written materials that apprised them of their duties under the FCRA. Any reasonable employer knows about or can easily discover these mandates.

58. Plaintiff and the Background Check Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2).

59. Plaintiff and the Background Check Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

### COUNT II
**Damages For Failure to Obtain Proper Authorization in Violation of FCRA**
**15 U.S.C. § 1681b(b)(2)(A)(ii)**

60. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

61. Defendant violated the FCRA by procuring consumer reports relating to Plaintiff and other Background Check Class members without proper authorization. *See* 15 U.S.C. § 1681b(b)(2)(A)(ii).

62. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Background Check Class members under 15 U.S.C. § 1681b(b)(2)(A)(ii). Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the rules promulgated by the Federal Trade Commission. Defendant obtained or had available substantial written materials that apprised them of their duties under the FCRA. Any reasonable employer knows about or can easily discover these mandates.

63. Plaintiff and the Background Check Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2).

64. Plaintiff and the Background Check Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

65. **WHEREFORE**, Plaintiff and the Putative Class pray for relief as follows:

   a. Determining that this action may proceed as a class action under Rule 23(b)(1), and (2) and (3) of the Federal Rules of Civil Procedure;

   b. Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

   c. Issuing proper notice to the Putative Class at Defendant's expense;

   d. Declaring that Defendant committed multiple, separate violations of the FCRA;

   e. Declaring that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

    f. Awarding statutory damages as provided by the FCRA, including punitive damages;

    g. Awarding reasonable attorneys' fees and costs as provided by the FCRA;

    h. Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

### DEMAND FOR JURY TRIAL

66. Pursuant to Rule 1.430(b) of the Florida Rules of Civil Procedure, Plaintiff and the Putative Class demand a trial by jury.

Dated this 28th day of September, 2017.

Respectfully submitted,

_____
**LUIS A. CABASSA**
Florida Bar Number: 053643
Direct No.: 813-379-2565
**BRANDON J. HILL**
Florida Bar Number: 37061
Direct No.: 813-337-7992
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: bhill@wfclaw.com
Email: triciaw@wfclaw.com
Email: rcook@wfclaw.com
**Attorneys for Plaintiff**